IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    09-cv-03032-WYD-MJW

MATTHEW BYRNE,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

**RECOMMENDATION
TO DISMISS ACTION BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR,
FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Chief Judge Wiley Y. Daniel on January 4, 2010.  (Docket No. 4).

In a Minute Order entered on September 15, 2010 (Docket No. 46), this court set a motion hearing on September 21, 2010, at 9:00 a.m. with regard to J. Keith Killian and Cheryl A. Martin's Motion to Withdraw (Docket No. 41) and the Parties' Stipulated Motion to Stay All Discovery and Disclosure Deadlines and for Status Conference (Docket No. 44).  The court directed the plaintiff, Matthew Byrne, to be present in person for that motion hearing.  (Docket No. 46).  The hearing was later moved to 10:00 a.m. on September 21.  (Docket No. 47).   Plaintiff, however, failed to appear as

2

directed. (See Docket No. 48, Courtroom Minutes/Minute Order). The court permitted counsel to withdraw from representing the plaintiff. (Docket No. 48).

In a Minute Order filed on October 7, 2010, this court set a hearing on October 15, 2010, at 9:00 a.m. on State Farm Mutual Automobile Insurance Company's Motion to Stay Responses to Plaintiff's Written Discovery. (Docket No. 53). Plaintiff Matthew Byrne was once again directed to be present in person for that hearing and was specifically warned in the Minute Order as follows: "Mr Byrne is placed on notice that if he fails to appear for this hearing he may be subject to sanctions including dismissal of his case." (Docket No. 53). A copy of that Minute Order was mailed to the plaintiff at his address of record. That copy was not returned to the court by the U.S. Postal Service as undeliverable. Nevertheless, plaintiff again failed to appear before this court as directed. (See Docket No. 55, Courtroom Minutes/Minute Order). In addition, he did not seek a continuance of the conference or even telephone the court at the time set for the conference.

Consequently, on October 27, 2010, this court issued an Order to Show Cause (Docket No. 59) outlining the above and directing the plaintiff to appear in person on November 17, 2010, for a show cause hearing at which he was to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon his failure to appear on September 21 and October 15. Plaintiff was advised in that Order that "In addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are an order directing plaintiff to pay defendant's attorney fees and costs incurred based upon the plaintiff's failure to appear and a finding and order of contempt." (Docket No. 59 at 3-4). A copy of that Order to

3

Show Cause was mailed to the plaintiff at his address of record. That copy was not returned to the court by the U.S. Postal Service as undeliverable. Nevertheless, yet again the plaintiff failed to appear before this court as directed. Furthermore, plaintiff once again did not seek a continuance of the conference or even telephone the court at the time set for the conference. The court notes that it was sunny in Denver at the time of the conference, and the roads were clear. Defense counsel noted that she had not had any contact from the plaintiff.

>Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
>>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;

4

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that (1) this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and/or 16(f) based upon the plaintiff's failure to prosecute, repeated failure to appear, and repeated failure to comply with court orders, and (2) an order be entered directing the plaintiff to pay the defendant's attorney fees and costs incurred based upon the plaintiff's repeated failure to appear.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the**

5

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:       November 17, 2010        <u>s/ Michael J. Watanabe        </u>
              Denver, Colorado         Michael J. Watanabe
                                       United States Magistrate Judge