UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-03032-WYD-MJW

MATTHEW BYRNE,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION TO DISMISS ACTION

---

THIS MATTER is before the Court on a Recommendation to Dismiss Action Based Upon the Plaintiff's Failure to Appear, Failure to Prosecute, and Failure to Comply with Court Orders issued by Magistrate Judge Watanabe on November 17, 2010.  The Recommendation notes that Plaintiff failed to appear as directed at hearings in September and October.  He also failed to respond to an Order to Show Cause issued by Magistrate Judge Watanabe on October 27, 2010, which directed Plaintiff to appear in person on November 17, 2010, for a show cause hearing at which he was to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon his failure to appear in Court in September and October.

As a consequence, Magistrate Judge Watanabe recommends that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and/or 16(f) based upon Plaintiff's failure to prosecute, repeated failures to appear and failure to comply with court orders.  He also recommends that Plaintiff be ordered to pay Defendant's attorney fees and

costs incurred based upon Plaintiff's repeated failure to appear pursuant to Fed. R. Civ. P. 16(f)(2).  The Recommendation advised pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2) that the parties have fourteen (14) days after service of the Recommendation to serve and file specific written objections.  No objections were filed, and Plaintiff did not respond in any manner to the Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  Indeed, I agree with Magistrate Judge Watanabe that this case should be dismissed with prejudice and that Plaintiff should be required to pay Defendant attorney fees in connection with missed hearings due to Plaintiff's failure to prosecute the case and repeated failures to comply with or respond to Orders of the Court.  The Recommendation is particularly appropriate given the fact that the Order to Show Cause which Plaintiff failed to respond to specifically advised him that if he failed to comply with the Order, in addition to a recommendation that this action be dismissed, other sanctions

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

may very well be imposed including an order directing Plaintiff to pay Defendant's attorney fees and costs incurred based upon Plaintiff's failure to appear.  Accordingly, it is

ORDERED that this action is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and/or 16(f) based upon Plaintiff's failure to prosecute, repeated failures to appear, and failure to comply with court orders.  It is

FURTHER ORDERED that Plaintiff shall, within **thirty (30) days** of the date of this Order, pay Defendant's attorney fees and costs incurred in connection with the hearings that Plaintiff failed to attend.

Dated:  December 16, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

-3-